OPINION. Turner, Judge: The principal issue for onr decision is whether either Haas Mold Company #1 or Haas Mold Company #2, or both of them, were under the control of or controlling or under common control with either Metal Parts Corporation or Haas Foundry Company within the meaning of section 403 (c) (6) of the Eenegotiation Act.[2] However, for reasons of convenience, we dispose first of an argument put forth by the petitioners on brief. The petitioners contend that Haas Mold Company #1 and Haas Mold Company #2 were in fact one continuous partnership, with fiscal years beginning on May 1,1944 and 1945, and ending on April 30,1945 and 1946. They argue that the agreements of J anuary 28 and February 1,1945, provided only for the admission of new partners and the continuation of the partnership, and cite us to the authority contained in Callahan v. War Contracts Price Adjst. Board, 13 T. C. 355, to support the proposition that the respondent exceeded its authority in determining that the petitioners had excessive profits for either of the two periods here in question. The facts of that case, insofar as they are here material, were as follows: A new partner was admitted to the Die Engraving Company on April 1,1944, and another as of June 1,1944. The War Contracts Price Adjustment Board determined that the admission of the new partners caused the dissolution of the partnership upon the admission of each. From this premise, it treated the periods J anuary 1 to March 31,1944, and April 1 to May 31,1944, as the partnership’s fiscal years and renegotiated the profits of the partnership for each period accordingly. Eelying upon the Uniform Partnership Act as effective in the State of Michigan, we held that the entrance of a new partner with the consent of the old did not dissolve the partnership and held that the War Contracts Price Adjustment Board had no authority to renegotiate the profits of the taxpap'ers for either of the two periods there in question because those periods were not the fiscal years of the taxpayers as defined in section 403 (a) (8) of the Eenegotiation Act. The facts in the instant case differ materially from those in the Callahan case. An examination of the partnership agreement entered into by the partners of Haas Mold Company #2 on February 1,1945, reveals that it was the intention of the partners to make a new partnership agreement. They provided specifically in the new agreement that the partnership created by the agreement dated May 1, 1944, be dissolved. The Uniform Partnership Act as in force in the State of Wisconsin provides that a cause of dissolution shall be the expressed will of the partners. Wis. Stats. (1951), sec. 123.26 (1) (c). Therefore, while it is true, as the petitioners argue, that the admission of the new partners on January 28, 1945, or January 31, 1945, whenever the event in fact took place, did not work a dissolution of the partnership, nevertheless the expressed intention of the partners, both new and old, to dissolve the partnership and to enter into a new agreement, the terms of which differed in many material respects from those of the old one, did constitute a dissolution ending the existence of Haas Mold Company #1. Since Haas Mold Company #1 existed for only 9 months and came to an end on February 1,1945, it becomes obvious that the petitioners’ contention that respondent should have renegotiated Haas Mold Company for the 12-month period ended April 30, 1945, cannot be sustained. Cf. Glenfield Machine & Tool Co. v. W. C. P. A. B., 16 T. C. 27. We therefore sustain the respondent with respect to this issue. The second issue for our decision is whether Haas Mold Company # 1 or #2, or both of them, were under common control with Metal Parts Corporation.[3] The issue of control presents a question of fact to be determined in the light of all'of the circumstances surrounding the case. Lowell Wool By-Prod. Co. v. War Cont. Price Adj. Bd., 14 T. C. 1398. As we have found, Edward P. and Carolyn Haas owned 95 per cent of Haas Mold Company #1, together with 242 of the 308 outstanding shares of Metal Parts Corporation. Consideration of these and the other facts presented of record have led us to the conclusion that Haas Mold Company #1 and Metal Parts Corporation were under the control of Edward P. and Carolyn Haas. We reach this conclusion despite the fact that both companies appear to have been operated as separate and distinct business entities and that Edward and Carolyn Haas did not use their control to intermingle or integrate the business activities carried on by the two companies. The absence of these factors is relied upon by petitioners to defeat a finding that the two businesses were under common control. However, the absence of a joint operation has been held insufficient to defeat a finding of common control in the face of actual control represented by more than 50 per cent of the ownership of two or more concerns. Pechtel v. United States, 18 T. C. 851. If control in fact exists, the profits of all of the business entities operated under such control may be renegotiated so long as the aggregate of their sales is $500,000. Hoffman v. United States, 23 T. C. 569. With respect to Haas Mold Company #2, the story is different. As a result of sales of their interests, Edward P. and Carolyn Haas were left with only 20 per cent of ownership in Haas Mold Company 4‡2. Upon the conclusion of these sales and the execution of the new partnership agreement, actual control passed to the executive committee provided for in the new agreement. Common control over Haas Mold Company #2 and any other company never existed. The respondent’s determination with respect to Haas Mold Company #2 is without authority, and is rejected. Since the total renegotiable sale of Metal Parts Corporation and Haas Mold Company #1 exceeded $500,000, the profits of Haas Mold Company #1 are subject to renegotiation, which brings us to the final issue to be decided. Section 403 (a) (4) (B) of the Renegotiation Act provides for recognition of deductions allowed for income tax purposes in renegotiating profits subject thereto, and, while a partnership is not allowed any deductions for income tax purposes on account of compensation to active partners, it has been recognized, and we have held in many cases, that an allowance should be made in an amount sufficient to provide reasonable compensation for services actually rendered by them, e. g., Pechtel v. United States, supra. The respondent in making his determination with respect to Haas Mold Company #1 allowed $10,000' for partners’ salaries. We must agree with the petitioners that this amount is inadequate. The success of Haas Mold Company #1 was to a substantial extent attributable to the services rendered by Edward P. Haas. The permanent mold method used in the business and on which the success of the operation was dependent, was developed by him. As for Alvin N. Haas, he actually received $125 per week for his services. This amount was not intended to reimburse him fully for the value of his services. For these and other reasons, we have found that a reasonable salary allowance for the services rendered by Edward P. Haas and Alvin N. Haas to Haas Mold Company #1 during the period May 1,1944, to January 31,1945, is $30,000.' Orders will he entered in accordance herewith. Sec. 403 (c) (6). This subsection shall be applicable to all contracts and subcontracts, to the extent of amounts received or accrued thereunder in any fiscal year ending after June 30, 1943, whether such contracts or subcontracts were made on, prior to, or after the date of the enactment of the Revenue Act of 1943, and whether or not such contracts or subcontracts contain the provisions required under subsection (b), unless * * * (B) the aggregate of the amounts received or accrued in such fiscal year by the contractor or subcontractor and all persons under the control of or controlling or under common control with the contractor or subcontractor, under contracts with the Departments and subcontracts * * * do not exceed $500,000 and under subcontracts described in subsection (a) (5) (B) do not exceed $25,000 for such fiscal year. If such fiscal year is a fractional part of twelve months, the $500,000 amount and the $25,000 amount shall be reduced to the same fractional part thereof for the purposes of this paragraph. Respondent mates the same allegation of common control with respect to Haas Foundry Company, but In taking the view of the case which we have, it becomes unnecessary that we consider that company.